# ISAAC COOK

*v.*

# EMILY M. NORTON *et al.*

APPEAL—*stare decisis.* Where a case has been twice before this court, and all of the questions decided in the same way on both trials, when the record is brought here a third time on the same questions, the court will refuse to again consider the errors assigned. The case must be considered as determined by the former adjudications, and the questions can not be opened for re-discussion.

286       COOK *v.* NORTON *et al.*       [Sept. T.,

Opinion of the Court.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Messrs. DENT & BLACK, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This record is here for the third time. The opinion of the court on the two former occasions will be found reported in 43 Ill. 391, and 48 Ill. 20. When the case was first before us, we held the defense under the statute of limitations would have been complete but for the insufficient proof of one of the tax receipts, and on that ground the judgment was reversed and the cause remanded. On the next trial, the defect in the proof was supplied, and after judgment for the defendant, the record was again brought here, and we again held that the defendant was entitled to protect himself under the statute, and also held the proof complete, and affirmed the judgment.

The plaintiff having taken a new trial under the statute, and another judgment having been rendered against him in the Superior Court, he again brings the record here and urges for the third time, but on this occasion by new counsel, that the defendant can not set up the statute, presenting again for the consideration of the court the same questions that were formerly presented by very able counsel in a very exhaustive argument. Not a single new fact appears in the record.

In the case of *Hollowbush* v. *McConnel,* 12 Ill. 204, which was brought here the second time and argued in full, after the court had, at a previous term, settled the questions controlling the case, and had remanded it for the purpose of taking an account, the court use the following language:

"Both these questions were substantially settled when the case was here before. The first one was the very point then decided, and the court has now no power, if it had the inclination, to reverse that decision. There is no mode provided

by law, except it be upon a rehearing, whereby the final decision of a case in this court can be reversed or set aside at a subsequent term.    There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew and bring it again and again before the court for its decision."    *Washington Bridge* v. *Stewart*, 3 Howard, 413; *Booth* v. *Commonwealth*, 7 Metc. 286.

We commend this language to the attention of counsel for appellant, and will only remark further that, after this court has twice decided, upon this same record, the questions now presented, we must regard the action of counsel, in bringing the case here for another argument, as showing a misconception of their professional duty, and not entirely respectful to the court.

For the reasons given in our former opinions, the judgment is affirmed.

*Judgment affirmed.*