(No. 49137.—

THE DEPARTMENT OF TRANSPORTATION, Appellee, v. WESTERN NATIONAL BANK OF CICERO *et al.,* Appellants.

*Opinion filed January 27, 1978.*

Morrison & Nemanich, of Waukegan (Donald T. Morrison, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield (Frank S. Righeimer, Jr., Frank M. Daly, Leo N. Cinquino, and Patrick J. Agnew, Special Assistant Attorneys General, of Chicago, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal from an interlocutory order of the circuit court of Lake County. The original case, a condemnation suit filed by the Department of Transportation in 1972, was previously before this court in *Department of Transportation v. Western National Bank,* 63 Ill. 2d 179. Upon remand, the circuit court granted the State's motion to dismiss the defendants' amended cross-petition, but certified certain questions for immediate appeal. Because the issues raised in the court's order pertain to matters which were before us in the first case, we granted the defendants' motion to transfer the appeal directly from the Appellate Court for the Second District, pursuant to our Rule 302(b) (58 Ill. 2d R. 302(b)).

In 1958 the defendants owned approximately nine acres of land at the northwest corner of Belvidere Road (Route 120) and Waukegan Road (Route 43) near Waukegan, Illinois. The defendants owned and operated a tavern, restaurant, and trailer park on the property, which had direct access to both Belvidere and Waukegan Roads. The State acquired a portion of the defendants' property pursuant to a deed of dedication, executed in 1958, in order that Route 120 could be widened and made into a freeway. While the construction of the freeway by the State eliminated the points of direct access which the defendants had over their property to Routes 120 and 43, a frontage road was constructed which the defendants used for access to Route 120 for approximately 14 years. There were two access points from the frontage road onto Route 120—one about three blocks west of the intersection, and one immediately west of the intersection, over the land dedicated in 1958. The frontage road, in turn, had several points of access via public streets to the remainder of the defendants' property along the east and south property lines.

In 1972 the State again found it necessary to widen and improve Route 120. A condemnation petition was filed to acquire additional land from the defendants. The proposed plans by the State included elimination of the frontage road and both access points to Route 120, leaving the defendants with ingress and egress by a circuitous route. The defendants filed a cross-petition alleging that the value of the remainder of the property would be substantially reduced by the construction of the proposed highway and prayed that the jury award compensation accordingly. The jury awarded the defendants $80,000 for the land taken and $127,000 for damages to the remainder, apparently based upon the loss of access. The appellate court reversed, holding, *inter alia,* that the defendants had relinquished their access rights pursuant to

the terms of the 1958 deed of dedication. (22 Ill. App. 3d 47.) We affirmed that portion of the appellate court's holding, and the cause was remanded for a new trial. (63 Ill. 2d 179.) As indicated above, on remand the court granted the State's motion to dismiss the defendants' amended cross-petition, which alleged fraud and mistake in the giving of the 1958 deed of dedication. We are presently concerned with the questions raised by the circuit court in its interlocutory order, which, as we have noted, were certified for immediate appeal. Precisely, we are asked to decide whether the defendants may properly raise the issues of fraud and mistake at this stage in the proceedings and also whether the remainder of the defendants' property had a legal right of access to the frontage road as of the filing of the State's 1972 petition to condemn.

We have carefully examined the defendants' allegations of fraud and mistake raised in their amended cross-petition, and are of the opinion that they are essentially restatements of arguments previously considered and rejected by this court. Basically, the allegations focus upon an alleged representation made by the right-of-way agent during the 1958 negotiations that the defendants would have permanent access to the frontage road. Defendants also allege that the State has been inconsistent in its position concerning the precise effect of their relinquishment of access rights in the 1958 deed. These arguments were adequately raised by the defendants in their petition for rehearing, which was considered and denied. No new facts are alleged which alter the substance of the transactions surrounding the giving of the 1958 deed of dedication or the subsequent proceedings. The facts have been presented in what may be described as a different context, but we are not compelled to reexamine their significance. Consequently, we conclude that there is no merit to the defendants' new allegations of fraud and mistake in the giving of the 1958 deed, which allegations

are essentially an attempt to relitigate that which has previously been decided.

The trial court was apparently uncertain as to the precise scope of our previous holding as it pertained to the defendants' right of access. It was the position of the defendants on remand that the holding of *Department of Transportation v. Western National Bank* was confined to denying compensation to the defendants by the State for its removal of the access point immediately west of the intersection of Waukegan and Belvidere Roads. The defendants argued, in support of their amended cross-petition, that the opinion could not be interpreted to preclude compensation for what the defendants claimed to be new access rights, acquired when the State built and maintained the frontage road after the 1958 taking. The defendants' position is untenable. It was the clear import of our previous decision that the defendants relinquished all rights of access pursuant to the express terms of the 1958 deed of dedication. As the opinion states, "It is clear to us that in the 1958 deed the grantors released 'any and all rights or easements of access and crossing' which they possessed. Consequently, they have no rights remaining to be extinguished and no rights for which the State must compensate them." (63 Ill. 2d 179, 183.) This statement clearly foreclosed further discussion of the matter. Therefore, it was improper for the defendants to raise the issue for consideration in their amended cross-petition.

Once again we point out that the arguments advanced by the defendants in support of their position are identical to those raised in their petition for rehearing. There, the defendants urged us to reconsider the holding that the defendants relinquished *all* access rights by the terms of the 1958 deed. In detailed fashion, they presented their position that they were entitled to compensation for rights acquired after the construction and maintenance of the

frontage road. Those arguments were considered and rejected. Now, we are asked to reconsider the very same arguments and, in so doing, review our previous decision. This we decline to do. Having considered the defendants' petition for rehearing, we cannot now reopen the discussion of the same questions previously determined, on application of the same parties. (*Newberry v. Blatchford,* 106 Ill. 584.) This rule, which applies even though the previous opinion was not a unanimous pronouncement of the court, serves a salutary purpose. There must be an end to litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to bring the matter time and time again before the court for its decision. (*Cook v. Norton,* 61 Ill. 285.) This practice, of course, we could not condone.

Because we are of the opinion that the present appeal concerns issues previously litigated and decided, for reasons discussed above, we affirm the order of the circuit court of Lake County dismissing the defendants' amended cross-petition.

*Order affirmed.*