THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* ANDREW CAVAGNARO *et al.*, Defendants-Appellees.

Second District   No. 77-216

Opinion filed August 8, 1978.

William J. Scott, Attorney General, of Chicago, and Frank M. Daly, of Waukegan (Frank S. Righeimer, Jr., and Leo N. Cinquino, Assistant Attorneys General, of counsel), for appellant.

Donald T. Morrison and Mark H. Snow, both of Morrison & Nemanich, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The petitioner, Department of Transportation, appeals from judgment entered in eminent domain proceedings awarding damages for loss of access to the remainders following the taking. The Department contends that due to a prior deed of dedication, *Department of Transportation v. Western National Bank*, 63 Ill. 2d 179 (1976), precludes the allowance. We agree.

In 1957, the State acquired portions of defendants' properties by deeds of dedication. The land was acquired to make highway improvements and the language in the deeds is identical to the language litigated in *Western National Bank*. These deeds provide that defendants' rights of access are extinguished to the extent "the tract of land * * * conveyed and dedicated might otherwise be servient to abutting lands" of defendants. (See 63 Ill. 2d 179, 182.) When the deeds were executed, defendants had an alternate right of access on Surf Place, a street at the opposite end of the properties. The street permitted access without use of

the dedicated land and thus right of access on it was not extinguished by the 1957 deeds.

Subsequently, the State provided a frontage road on the land which had been dedicated by defendants and they used this road to go to and from their abutting property. Surf Place was eventually vacated under circumstances not revealed in the record leaving defendants with the frontage road as their sole means of access. Then on November 15, 1972, the State filed this condemnation petition to acquire additional land from defendants' parcels, again to make highway improvements. The new improvements called for the elimination of the portion of the frontage road which ran south from the easterly portion of defendants' properties to a major highway a short distance away. A more limited access was still allowed to defendants' properties on the frontage road.

At trial defendants' valuation witness was permitted to testify as to the damage to the remainders resulting from the impaired access. He testified that assuming the property had a right of access the damages with respect to its impairment would amount to $24,138 for Parcel 0028 and $17,411 for Parcel 028A. However, assuming that the property had no right of access, he testified that the damages to the remainder would be zero. The witness also testified that with no right of access the subject properties were worth only the nominal value of one dollar.

The case was submitted to the jury which returned verdicts granting defendants' damages to the remainders of the parcels in the sum of $12,000 for Parcel 0028 and $8,500 for Parcel 028A. The appeal is from the judgment entered on this verdict, and no appeal has been taken from the judgment awarding damages for the property taken.

■■ In concluding that it was error to enter judgment relative to defendants' impaired access, we have first considered the nature of defendants' use of the frontage road. It is best characterized as a license; that is, "permission to do an act or a series of acts upon the land of another without possessing any estate or interest in such land." (*Mueller v. Keller*, 18 Ill. 2d 334, 340 (1960).) A license is ordinarily revocable even though there is reliance based upon the expectation of continued use of the land. (*Mueller.*) The mere fact that defendants have used the frontage road for ingress and egress does not establish a right of access which is subject to compensation. *Department of Public Works & Buildings v. Chicago Title & Trust Co.*, 408 Ill. 41, 53 (1950).

■■ Although the court in *Western National Bank* does not discuss the concept of permissive use, we note that the State was allowed to completely eliminate the frontage road, forcing defendants to use a circuitous and inconvenient route for access. The court stated that since the State paid once for the access rights, they were therefore extinguished

and defendants were not entitled to additional compensation. (63 Ill. 2d 179, 183-84.) We observe that in 1957 the State similarly paid the present defendants to extinguish their right to ingress and egress by way of the land which was dedicated to the State. The subsequent creation of the frontage road neither restored defendants' former access rights, nor created new ones. (63 Ill. 2d 179, 184, *appeal after remand,* 69 Ill. 2d 576, 580 (1978).) As a result the frontage road was solely a gratuitous creation of the State and defendants' use of it was that of a licensee only. As the United States Supreme Court observed when passing upon a landowners permissive use of adjoining government land:

> * * * "the Government as condemnor may not be required to compensate a condemnee for elements of value that the Government has created, or that it might have destroyed under the exercise of governmental authority other than the power of eminent domain." (*United States v. Fuller,* 409 U.S. 488, 492, 35 L. Ed. 2d 16, 21, 93 S. Ct. 801, 804 (1973).)

(See also *United States v. Weyerhaeuser Co.,* 538 F.2d 1363, 1365 n. 1 (9th Cir. 1976); *cf. Department of Public Works & Buildings v. Chicago Title & Trust Co.,* 408 Ill. 41, 53-54 (1950).) Therefore we hold that the State having once paid defendants to extinguish their property rights including the right to use the dedicated property for access, need not pay a second time for impairment of access which it gratuitously provided.

Defendants have attempted to distinguish this appeal from *Western National Bank* based upon the facts. They claim that the State dealt unfairly with the defendants, who did not have counsel, and that currently the frontage road is their sole means of ingress and egress and argue that if the "right of access" is truly extinguished, then the absurd result would obtain that the entire property is worth only the nominal value of one dollar. We do not find this argument material considering the circumstances of this case. While defendants' right of access using the dedicated land was extinguished, permissive use has continued, creating market value, but not necessarily creating value which must be compensated. (409 U.S. 488, 491-92, 35 L. Ed. 2d 16, 20-21, 93 S. Ct. 801, 803-04.) Further, defendants will continue to have access because the judgment order contains the stipulation that "access to the remaining lands * * * shall be via the existing frontage road which is adjacent to the easterly property line of said parcel[s] * * *." Thus, defendants are not now and never have been denied access to their property.[1]

■■ Defendants also claim that it is inconsistent to permit compensation

---

[1] The State has not attempted to completely eliminate the frontage road in this case. A much different case might be before the court if revocation of defendants' license were to completely deny access to the properties. See, *e.g., Mercer v. Sturm,* 10 Ill. App. 3d 65, 69 (1973).

based upon the fact that permissive access exists when valuing the portion taken by condemnation, while at the same time refusing to permit consideration of access when valuing the damage to the remainder. Counsel again suggests that for the law to be entirely consistent, his clients would only receive nominal consideration for the portion taken since that portion would be virtually worthless without the frontage road access, and that this would be an absurd result. Of course defendants have not cross-appealed from the verdict which granted them substantial damages for the portion taken by condemnation. We nonetheless observe that the only reason defendants are entirely dependent upon the frontage road for access is because of the vacation of Surf Place subsequent to the execution of the deeds of dedication. This act was no fault of the State and was most likely accomplished with the agreement of the defendants. However, to allow the State to use this fortuity to virtually deny defendants any compensation for the property taken, would be patently unfair and the State makes no attempt to do so.[2] Compensation as measured by the actual fair market value relative to that portion of defendants' properties actually taken did not require the State to pay double compensation for the rights purchased in 1957 by the deeds of dedication. We therefore believe it is consistent to permit the fact of access to be considered in valuing the property taken by condemnation, while at the same time refusing to allow damages for loss of the right of access.

For the reasons we have stated we reverse the trial court and remand the cause for entry of an order finding no damages to the remainder.

Reversed and remanded.

RECHENMACHER and BOYLE, JJ., concur.

---

[2] In the *United States v. Fuller* where the Supreme Court stated that the government need not compensate a condemnee for the elements of value it has created, the court also recognized the general principle could not be "pushed to its ultimate logical conclusion." 409 U.S. 488, 492, 35 L. Ed. 2d 16, 21, 93 S. Ct. 801, 804.